ORIGINAL

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

RECEIVED
OCT 6 2009
PRO SE OFFICE

## United States District Court for the Eastern District of New York

| Name | Prisoner Identification no. |
|---|---|
| MUSLIJA, NAZMI | 00-A-6721 |

**Place of Confinement**
Green haven Correctional Facility, P.O. Box 4000, Stormville, N.Y. 12582

09 4521

| Name of Petitioner (include name under which convicted) | Name of Respondent (warden or superintendent of your prison) |
|---|---|
| NAZMI, MUSLIJA | v. WILLIAM LEE |

### PETITION

GLEESON, J.

1. Name and location of court which entered the judgment of conviction under attack Kings County

Supreme Court, 360-Adams Street, Brooklyn New York 11201.

2. Name and address of lawyer who represented you STANLEY MEYER, DePETRIS & MEYER  150-Broadway

Suite 1919, New York, New York 10038  (Deceased).

3. Date of judgment of conviction   April 27, 1987

4. Length of sentence  33 1/3 years to Life.

5. Nature of offense involved (all counts)  Attempted Murder First Degree and Robbery in the

First Degree

6. What was your plea? (Check one)
   (a) Not guilty          ☒
   (b) Guilty              ☐
   (c) Nolo contendere     ☐
   If you entered a guilty plea to one count of indictment, and not a guilty plea to another count of indictment, give details:

7. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

8. Did you testify at the trial?
   Yes ☐        No ☒

9. Did you appeal from the judgment of conviction?
   Yes ☐        No ☒        petitioner was unable to appeal do to trial counselors failure
   to file a notice of appeal with the trial court during petitioner's
   sentencing in absentia. Additionally the trial trancripts could
   not be produced in this matter.

10. If you did appeal, answer the following:

(a)   Name of court_____

(b)   Name and address of lawyer who represented you

_____

(c)   Result _____

(d)   Date of result and citation, if known  _____

(e)   Grounds raised  _____

_____

(f)   If you sought further review of the decision by appeal to a higher state court, please answer the following:

(1) Name of court _____

(2) Name and address of lawyer who represented you _____

(3) Result _____

(4) Date of result and citation, if known  _____

(5) Grounds raised _____

_____

_____

(g)   If you filed a petition for writ of certiorari in the United States Supreme Court, please provide the date the petition was filed and the date of result and citation, if known

_____

(1) Name and address of lawyer who represented you _____

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
yes ☒     No ☐

12. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  _____

(2) Name and address of lawyer who represented you _____

(3) Nature of proceeding _____

(4) Grounds raised  _____

_____

_____

_____

(5) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐               No ☐

(6) Date motion was filed with the Court  _____

(7) Date and result of motion  _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court  _____

(2) Name and address of lawyer who represented you  _____

(3) Nature of proceeding  _____

(4) Grounds raised  _____

_____

_____

_____

(5) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐               No ☐

(6) Date motion was filed with the Court  _____

(7) Date and result of motion  _____

(c) Did you appeal the decision of any petition, application or motion to the highest state court having jurisdiction?
(1) First petition, etc.          Yes ☐          No ☐
(2) Second petition, etc.       Yes ☐          No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

13.   STATE EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING HELD UNLAWFULLY. IF YOU ARE
      RAISING THE SAME GROUNDS THAT YOU RAISED ON DIRECT APPEAL, YOU SHOULD ATTACH A COPY
      OF YOUR STATE COURT APPELLATE BRIEF. YOU MUST EXHAUST YOUR STATE COURT REMEDIES ON
      EACH GROUND YOU ARE CLAIMING YOU ARE BEING HELD UNLAWFULLY.

Ground(s):   Petitioner contends that he was  denied effective representation

of Appellate Counsel by virtue of his trial counsels failure to

file a timely notice of appeal.  Petitioner's trial counsel had

assured him that he filed a   notice of appeal after petitioner

was sentenced in absentia.  Trial counsel Stanley Meyer(who has

since expired)between the years 2002 and 2003, clearly had not

filed an appeal despite his reassurance that he done so.  As a

of the fact that petitioner's trial records are unattainable he

he has been unable to pursue any form of litigation regarding his

case.  There are no records in relation to his conviction which

of course hampered his ability to pursue an aapeal. The only course

of action available to the petitioner was to file a writ of error

coram nobis, the writ of error was denied by the Appellate Division

and leave to appeal was denied by the N.Y. Court of Appeals.

Petitioner no pursues this matter via habeas Corpus §2254 seeking

relief that would provide him the opportunity to receive a de novo

appeal. All pertinent information reading petitioner's claims are

attached with his petition.

14. **TIMELINESS OF PETITION:** If your judgment of conviction was made final over one year ago, you must set forth below why the one-year statute of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner's petition is filed in a timely manner he was denied

leave to appeal to the New York Court of Appeals on March 19,2009

see; Attached documents supporting such.   Therefore timeliness is

not an issue.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" ) as codified in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

15. Do you have a petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

_____

16. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_9 — 25 — 09_
(date)

_____
Signature of Petitioner

Green Haven Correctional Facility
Address
P.O. Box 4000
Stormville, New York  12584

I declare under penalty of perjury that on _9   25 – 09_ delivered this petition to prison authorities to be
(date)
mailed to the United States District Court for the Eastern District of New York.

_____
Signature of Petitioner

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

M76753
E/sl

FRED T. SANTUCCI, J.P.
MARK C. DILLON
THOMAS A. DICKERSON
CHERYL E. CHAMBERS, JJ.

2008-08989

The People, etc., plaintiff,                    DECISION & ORDER ON APPLICATION
v Nazmi Muslija, defendant.

(Ind. No. 269/86)

Application by the defendant for a writ of error coram nobis to vacate a judgment of
the Supreme Court, Queens County, rendered April 27, 1987, in effect, on the ground that trial
counsel was ineffective for failing to file a notice of appeal or to extend his time to file a notice of
appeal.

Upon the papers filed in support of the application and the papers filed in opposition
thereto, it is

ORDERED that the application is denied.

SANTUCCI, J.P., DILLON, DICKERSON and CHAMBERS, JJ., concur.

ENTER:

James Edward Pelzer
Clerk of the Court

October 6, 2008

PEOPLE v MUSLIJA, NAZMI

# State of New York
# Court of Appeals

BEFORE:    HONORABLE VICTORIA A. GRAFFEO, Associate Judge

---

THE PEOPLE OF THE STATE OF NEW YORK,
                          Respondent,

-against-

NAZMI MUSLIJA,
                          Appellant.

**CERTIFICATE
DENYING
APPLICATION FOR
RECONSIDERATION**

---

   I, VICTORIA A. GRAFFEO, Associate Judge of the Court of Appeals of the State of New York, certify that the application made by the above-named appellant for reconsideration of the December 29th, 2008 certificate denying application for leave to appeal* pursuant to section 460.20 of the Criminal Procedure Law is hereby denied.

Dated:  March 19th, 2009
        at Albany, New York

_____
Associate Judge

*Order of the Appellate Division, Second Department, dated October 6, 2008, denying defendant's application for a writ of error coram nobis.

OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

**CHARLES J. HYNES**
*District Attorney*

**JOYCE SLEVIN**
*Assistant District Attorney*

March 5, 2009

Honorable Victoria A. Graffeo
Chief Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, New York  12207-1095

Re:     People v. Nazmi Muslija
        Kings County Indictment Number 269/86

Dear Judge Graffeo:

The People oppose defendant's application for reconsideration of his application for leave to appeal to the Court of Appeals from the Appellate Division's denial of his motion for a writ of error coram nobis.

In his petition for a writ of error coram nobis, defendant argued that trial counsel was ineffective for failing to file a notice of appeal upon defendant's sentencing in absenti.  On October 6, 2008, the Appellate Division, Second Department, denied the application.

Defendant sought leave to appeal from the order denying his coram nobis petition.  That application was denied in an order dated December 29, 2008 (Graffeo, J.).  Defendant now seeks reconsideration of his leave application.  Defendant's application for reconsideration should be denied because defendant's coram nobis application was properly denied as without merit.  Your Honor is respectfully referred to the People's response to defendant's coram nobis application attached herewith.  The decision of this Court denying defendant's leave application was correct and no further review is necessary.

Sincerely,

Joyce Slevin
Assistant District Attorney
(718) 250-2531

Honorable Victoria A. Graffeo
March 5, 2009
Page 2


cc:    Nazmi Muslija
       00-A-6721
       Green Haven Correctional Facility
       P.O. Box 4000
       Stormville, New York  12582-0010

Nazmi Muslija
00-A-6721
Green Haven Corr. Fac.
P.O. Box 4000
Stormville, New York 12582

January 27, 2009

Hon. Victoria A. Graffeo
Judge of the Court of Appeals
Court of Appeals
20 - Eagle Street
Albany, New York 12207-1095

Re: People v. Nazmi Muslija, Ind. No. 269/86 <u>Application for
reconsideration for Leave to Appeal from a order of the Appellate
Division pursuant to C.P.L. § 460.20.</u>

Dear honorable judge Graffeo,

I am writing this letter in hopes that you will reconsider
to review my case, because I strongly believe that my N.Y. and U.S.
Constitutional Rights have been violated.

Without going into details as I have done in my motion,
I would like to bring to light the major violations that were
done in my case, because I believe that my "Due Process" was
violated:

1- My lawyer failed to file a Notice of Appeal, and this
constitutes ineffective assistance of counsel in violation of
the Sixth Amendment. This failure has deprived me of my right
to raise any issues on appeal.

2- I have tried to obtain the trial transcripts of my
proceedings, since I was tried in "Absentia" and was told that
"No transcripts can be provided for this case". This court has
long held that it should be a record to show how we deprive
someone of his liberty, and failure to have it warrants a
reconstruction of the record. Since the record can't be

reconstructed, how can I know if a trial ever took place. The loss of the record has deprived me of all my rights.

For the past nine years I've tried to get a lawyer with my broken English, but to no avail. The first time was when I was in front of the sentencing judge.

The second time that I asked for a lawyer was to Appellate Division, but to no avail.

I have been persistent with my effort to receive any documentation pertaining to my case from D.A.'s office, the Court, and the Police Department, but I was given irrelevant paperwork, none of which prove my guilt, and points out to an individual (Ali Ahmeti) which was picked out of a line-up, indicted by a grand jury, convicted at trial, and sentenced to $12\frac{1}{2}$ to 25 years, in contrast of my current sentence of 33 and one third to life for the same crime.

I wrote again to the Appellate Division clerk for reconsideration of my right to appeal, but was informed that my trial lawyer never filed a notice of appeal.

I proceeded with a Error Coram Nobis since my lawyer never filed a notice of appeal, but to no avail.

After exhausting all the remedies in the lower court I submitted a Leave to Appeal, but I believe that nobody did read it. I believe that my New York constitutional rights and United States Constitutional rights give me the right to know as to how I was convicted by giving me the trial transcripts to show me how I'm being deprived of my liberty. I also believe that both Constitutions give me the right to have a lawyer when i don't speak English.

In closing this letter I hope and pray that you will find a few minutes of your time to read this letter that was typed by someone that speaks my language.

Respectfully submitted

Nazmi Muslija
DIN # 00-A-6721
Green Haven Corr. Fac.
P.O. Box 4000
Stormville, New York 12582

Nazmi Muslija
00-A-6721
Green Haven Corr. Fac.
P.O. Box 4000


Nov 26, 2008


Hon.Victoria A. Graffeo
Judge of the Court of Appeals
Court of Appeals
20-Eagle Street
Albany, New York 12207-1095


Re: *People v. Nazmi Muslija, Ind. No.269/86* <u>Application for leave to appeal from a order of the Appellate Division pursuant to C.P.L. 460.20.</u>


Honorable Graffeo,

I am writing to provide you with a in depth view of the matter presented to this court for leave to appeal. My situation is a very unique one which undoubtedly involves a clear matter of <u>law</u> .

**Background**

On September 27 ,2000 appellant's sentence was executed as a result of his return to New York from Canada, the sentence that had previously been imposed was 33½ to life. In light of appellant's inability to contact his trial attorney Mr. Stanley Meyer, appellant filed a motion for assignment of counsel via poor person relief.

On May 2, 2001 appellant was informed by the appellate division second department that his motion was denied and deemed the appeal academic. *See: Exhibit-J attached to motion submitted in original application to this court.*

After receiving this information appellant diligently pursued all viable avenues to ascertain his right to appeal all to no avail. On January 4, 2008, appellant contacted the clerk of the court for the appellate division second department in an attempt to regain his right to appeal by detailing all of the obstacles that he encountered thus far,

1

(*see: Exhibit-P*) letter to clerk of the court. In response to this letter appellant was informed that no appeal was ever filed in this matter, appellant's request for an extension to file an appeal was not a viable option in light of the fact that no appeal was ever filed.

As a result of all the above stated information, appellant pursed his right to appeal by filing the writ of error coram nobis which was subsequently denied resulting in the appeal presently in front of this court with the hope that his request for a restoration of his right to appeal.

### Matter of Law:

Contrary to the decision rendered by the appellate court denying the instant motion via a blanket statement that appellate counsel was not ineffective for failing to file a notice of appeal or to extended his time to file a notice of appeal, there is legal standing established by this very court that supports all the contentions made by appellant.

The court determined that when counsel fails to fulfill such an obligation as simple as filing a defendant's notice of appeal he is indeed ineffective. *See: People v. Adams*, 12 N.Y. 2d 417, here this very court stated that if appellant's petition speaks truthfully, his right to appeal has been effectively frustrated as were his right to appeal. It is further stated by this court that "we make it clear that defendant's right and remedy is by a *coram nobis* " for a hearing as to the truth of his assertions, if he proves them as done herein, he will be entitled to a reinstatement of his appeal to the Appellate Division from the judgment within. This was the very avenue utilized by the appellant herein in pursuit of his right to a direct appeal.

There are numerous cases that support the appellant's contentions, the principal contention here made by appellant is that he was improperly denied his right to appeal by his trial attorney's (Mr.Meyer) failure to file a notice of appeal while leading the appellant to believe that he

2

actually did file one, these actions clearly illustrate counsel's ineffectiveness to fulfill his duties as counsel of record.

Abandonment of the right to appeal is a per-se violation of the Sixth Amendment, the appellant need not demonstrate the likelihood of success on appeal before obtaining relief. In this instant matter counsel failed to file a requested appeal, therefore the appellant is entitled to [a new] appeal without showing that his appeal would have merit.   "(Those whose right to appeal that has been frustrated should not be given any additional hurdle to clear just because their rights were violated at some earlier stage in the proceeding.")   This factor was previously determined in *McHale v. United States, 175 F.3d 115, 119 (2nd Cir. 1999)* (petitioner need not demonstrate that, but for the ineffectiveness of counsel, [a direct] appeal would have succeeded or even would have merit.

Most recently on March 28, 2008 the Second Circuit rendered a decision that further addresses this very same issue in *Rodriquez v. Donnelly, 271 Fed Appx.93* , here the court held that defense attorney's ineffective assistance was cause for procedural default, this based upon counsel's failure to file a timely appeal. The court went on to state that they found the above stated case to be controlled by their decision in *Restrepo v. Kelly, 178 F.3rd 634* (2nd Cir.1999), which is the very case relied on by the appellant in his original motion filed to the court. An attorney's error that qualifies as constitutionally ineffective assistance of counsel would suffice to demonstrate "cause" justifying a petitioner's procedural default. See *Coleman v. Thompson, 501 U.S. 722 (1991)*.

The people in opposition contend that the appellant's claim is without merit, the basis for this position is due to there misconception that coram nobis is not the proper venue to claim that trial counsel is ineffective for failing to file a notice of appeal.  The people contend that it is well-

3

settled that such a claim should be made via the provisions established in C.P.L. §460.30, however, this venue is applicable only when the one year period governing the statue has not yet expired. In the matter herein, the one year period was exceeded by more than a few years, so it is clear that C.P.L. §460.30 is not applicable in this particular instance. *See: People's opposition ¶ 1 Memorandum of law.* The respondent's contentions are clearly incorrect, coram nobis is the one viable avenue available to the appellant for determing the validity of a dismissal of an appeal from a criminal conviction, such a claim lies within the ambit of coram nobis , the use of this motion was expanded and established in *People v. Adams, 12 N.Y. 2d 417,* by this very court. Despite the respondent's argument that appellant voluntarily absented himself from the trial proceedings, at the execution of his sentence the clerk of the court clearly addressed the appellant's right to appeal the conviction, this highlights the fact that counsel was not only deceptive to appellant but failed to fulfill his obligation to protect the rights of the appellant.

Defense counsel's constitutionally ineffective performance may establish cause for failure to take an appeal, as needed to proceed with litigation. Remedy for ineffective assistance of counsel received by state petitioner when defense counsel fails to make requested direct appeal, resulting in per se violation of petitioner's Sixth Amendment right, is to provide petitioner with right to appellate proceeding, as if on direct appeal, with assistance of counsel.

Every court that has squarely confronted this question has held that failure to take an appeal, despite the defendant's request, is ineffective assistance with out regard to the probability of success on appeal. *See; Bonneau v. United States 961 F.2d 17 (1st Cir.1992): Williams v. Lochart, 849 F.2d 1134 ; United States v. Horodner, 983 F.2d 191,195 (9th Cir.1993) ; United States v. Davis, 929 F.2d 554,557 (10th*

4

*Cir. 1991).* "Request" is an important ingredient in this formula.

It is imperative that I inform your honor of the fact that the trial minutes relative to the entire proceedings are unattainable, this was determined by the Kings County Clerk's office, *(See Exhibit N. in original petition filed).* This fact has left the appellant at a extreme disadvantage concerning his right to appeal. In conjunction with trial counsel's failure to file the notice of appeal, and the lost of the trial records regarding these proceedings clearly affected appellants right to effective representation, this factor has severely deprived appellant of his right to due process.

In conclusion, the appellant herein prays that in light of all the mitigating factors presented to this court that upon review of the matter your honor will find it appropriate to grant leave to appeal.

Respectfully Submitted

Namzi Muslija 00-A-6721
Green Haven Corr.Fac
P.O. Box 4000
Stormville, New York
                12582

5

# State of New York
# Court of Appeals

BEFORE: HON. VICTORIA A. GRAFFEO,
_____ Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

                              Respondent,

              -against-                           **CERTIFICATE
                                                   DENYING
NAZMI MUSLIJA,                                     LEAVE**

_____ Appellant.

        I, VICTORIA A. GRAFFEO, Associate Judge of the Court of Appeals of the
State of New York, do hereby certify that upon application timely made by the above-named
appellant for a certificate pursuant to section 460.20 of the Criminal Procedure Law and upon
the record and proceedings herein,* there is no question of law presented which ought to be
reviewed by the Court of Appeals and permission is hereby denied.

Dated: December 29ᵗʰ, 2008
       at Albany, New York

                              _Victoria A. Graffeo_
                              Associate Judge

* Order of the Appellate Division, Second Department, dated October 6, 2008, denying
defendant's application for a writ of error coram nobis.

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | **AFFIRMATION IN OPPOSITION TO PETITION FOR A WRIT OF ERROR CORAM NOBIS** |
| -against- | Appellate Division Case No. 2000-09965 |
| NAZMI MUSLIJA, | |
| Defendant. | Kings County Indictment Number 269/86 |

JOYCE SLEVIN, an attorney admitted to practice in the State of New York and an Assistant District Attorney in the County of Kings, affirms the following to be true under the penalties of perjury:

1. This affirmation is submitted in opposition to the defendant's pro se motion, dated May 20, 2008, for a writ of error coram nobis.

2. The statements made herein are based upon information and belief, obtained from the records and files of the Kings County District Attorney's Office and the Supreme Court, Kings County.

3. On March 17, 1978, in the lobby of 2175 East 18th Street, in Brooklyn, the defendant, Bari Drishti, and Ali Ahmeti took jewelry worth about $100,000 from Murray Gemeiner at gunpoint and knocked him to the ground, causing a head injury. The defendant and his cohorts then fled in different directions.

Off-duty Port Authority Detective Louis Echavarria, who was in his car, saw Gemeiner running down Avenue V, bleeding from his head. Gemeiner told Echavarria that he had just been robbed. Echavarria then saw the defendant and opened the driver's side door to question him. The defendant approached Echavarria, pointed a handgun at him, and demanded that he get out of his car. He shot Echavarria twice in the abdomen and once in the arm, and then fled on foot.

4. On June 1, 1985, an Assistant United States Attorney for the Southern District of New York informed the Kings County District Attorney's Office that confidential informants had told him that the defendant, Drishti, and Ahmeti had planned the March 17, 1978 robbery in this case, that Drishti, the "getaway driver," had panicked and had left the defendant and Ahmeti at the scene, and that the defendant had shot Echavarria.

5. On August 1, 1985, the defendant's fingerprints were compared with latent fingerprints recovered from the crime scene. The defendant's prints matched prints recovered from the scene of the robbery and from Echavarria's car.

6. On March 20, 1986, the defendant and Drishti were charged for these crimes, under Kings County Indictment Number 269/86, with Attempted Murder in the First Degree (P.L. §§ 110.00/125.27[1]), Attempted Murder in the Second Degree (P.L. §§ 110.00/125.25[1]), two counts of Assault in the First Degree

2

(P.L. § 120.10[1] and [4]), Aggravated Assault Upon a Police Officer (P.L. § 120.11), four counts of Attempted Robbery in the First Degree (P.L. §§ 110.00/160.15[1], [2], [3], and [4]), Attempted Robbery in the Second Degree (P.L. §§ 110.00/160.10[1] and [2][b]), three counts of Robbery in the First Degree (P.L. §§ 160.15[2],[3], and [4]), two counts of Robbery in the Second Degree (P.L. §§ 160.10[1] and [2][a]), Grand Larceny in the Second Degree (P.L. § 155.35), and Conspiracy in the Fifth Degree (P.L. § 105.05[1]).

7.    On March 17, 1987, the defendant proceeded to trial.

8.    On March 20, 1987, the defendant did not appear in court and the trial continued in his absence.  The jury found the defendant guilty, in absentia, of Attempted Murder in the First Degree, Attempted Murder in the Second Degree, Assault in the First Degree, Attempted Robbery in the First Degree, and Robbery in the First Degree.  The court ordered a warrant for the defendant's arrest.

9.    On April 27, 1987, the court sentenced the defendant, in absentia, to a prison terms of twenty-five years to life on the first-degree attempted murder count, eight and one-third to twenty-five years on the second-degree attempted murder count, five to fifteen years on the first-degree assault count, five to fifteen years on the first-degree attempted robbery count, and eight and one-third to twenty-five years on the first-degree

robbery count. The first three sentences were ordered to run concurrently with each other; the last two sentences were ordered to run concurrently with each other; and the first three sentences were ordered to run consecutively to the last two sentences (Miller, J.).

10. On September 28, 2000, the defendant was returned to court pursuant to the arrest warrant.

11. On September 29, 2000, the court executed sentence (Kreindler, J.).

12. The defendant now moves for a writ of error coram nobis. He claims that he was denied his right to appeal because trial counsel failed to file a notice of appeal.

WHEREFORE, and for the reasons set forth in the accompanying Memorandum of Law, the defendant's motion should be denied.

Dated:   Brooklyn, New York
         July 31, 2008

         JOYCE SLEVIN
         Assistant District Attorney
         (718) 250-2531

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION:   SECOND DEPARTMENT

THE PEOPLE OF THE STATE OF NEW YORK

                    -against-

NAZMI MUSLIJA,

                              Defendant.

Appellate Division
Case No. 2000-09965

Kings County
Indictment Number
269/86

## MEMORANDUM OF LAW

### THE    DEFENDANT    RECEIVED    EFFECTIVE
### REPRESENTATION ON HIS DIRECT APPEAL.

The defendant's motion for a writ of error <u>coram</u> <u>nobis</u> should be denied.   As a threshold matter, the defendant's challenge to his trial counsel's representation with respect to his failure to file a notice of appeal is not cognizable in a motion for <u>coram</u> <u>nobis</u> relief.   In any event, trial counsel provided the defendant with effective representation.   The defendant's claim that his trial counsel was ineffective for failing to file a notice of appeal upon defendant's sentencing <u>in</u> <u>absentia</u> is without merit.

First, relief should be denied because the issue to be determined by way of a motion for a writ of error <u>coram</u> <u>nobis</u> is whether the defendant's appellate counsel has provided meaningful representation.   <u>See</u> <u>People</u> <u>v.</u> <u>Bachert</u>, 69 N.Y.2d

593, 599-600 (1987). Here, the defendant is challenging the performance of his trial counsel regarding his failure to file a notice of appeal. The claim relating to trial counsel is not properly before this Court in this motion for coram nobis relief. Indeed, it is well-settled that a claim that improper conduct by an attorney resulted in the failure to timely file a notice of appeal is precisely the type of claim to be raised in a motion pursuant to Criminal Procedure Law section 460.30 to extend the time for taking an appeal. See C.P.L. § 460.30(1); People v. Corso, 40 N.Y.2d 578, 580-81 (1976) (the Legislature explicitly enacted C.P.L. § 460.30 to address claims of improper conduct of defendant's attorney regarding the taking of a timely appeal); see also People v. Thomas, 47 N.Y.2d 37, 42 (1979) (same); People v. Lockwood, 160 A.D.2d 639 (1st Dep't 1990); People v. Ramos, 108 A.D.2d 209, 212 (2d Dep't 1985).

In any event, even if this Court were to address the defendant's claim, it should not hold that trial counsel provided ineffective representation by failing to file a notice of appeal for his absent client. During the trial, the defendant voluntarily absented himself from the proceedings. He remained at large until thirteen years after his sentencing in absentia. Thus, trial counsel conducted his defense of defendant without the benefit of the defendant's presence at

2

trial or at sentencing, and, most importantly, without the defendant's input on taking an appeal.

Trial counsel's failure to file a notice of appeal must be analyzed with the same test as that used for other claims of ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (applying two-pronged Strickland test to trial counsel's failure to file notice of appeal). Whether or not trial counsel's failure to file a notice of appeal means that his performance "fell below an objective standard of reasonableness" (Strickland v. Washington, 466 U.S. 668, 688 [1984]) or qualifies as "meaningful representation" (People v. Baldi, 54 N.Y.2d 137, 147 [1981]), is a question this Court must answer. See People v. Turner, 5 N.Y.3d 476, 480 (2005) (equating New York's meaningful representation standard of effective assistance with the first, or performance, prong of the federal Strickland test).

Although filing a notice of appeal is a purely ministerial task, the defendant has the ultimate authority to make the fundamental decision whether or not to take an appeal. See People v. Ferguson, 67 N.Y.2d 383, 390 (1986); see also Flores-Ortega, 528 U.S. at 477 (citing Jones v. Barnes, 463 U.S. 745, 751 [1983]). Thus, whether or not counsel has consulted with the defendant regarding the filing of a notice of appeal is highly relevant to a determination of whether there has been

3

meaningful representation. See Flores-Ortega, 528 U.S. at 478. The Supreme Court has determined that:

> counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Id. at 480. The Supreme Court, however, refused to impose a bright-line rule that counsel must always consult with a defendant regarding an appeal. Id. Moreover, according to New York's Rules of Court, counsel was under an obligation only to give written notice to his client advising him of his right to appeal, and was obligated to file a notice of appeal only upon timely written notice by the client of his desire to appeal. N.Y.C.R.R. § 671.3(a).

Here, however, even if counsel had a duty to consult with the defendant, no such consultation could possibly have taken place because the defendant had absconded from court and not only eschewed the opportunity to assist in his own defense but also absented himself from participating in his fundamental decision of whether or not to appeal. Thus, counsel should not be deemed to be ineffective for failing to file a notice of appeal when that decision should be preceded by a consultation with a client and counsel essentially had no client with whom to consult.

The defendant's conduct in absconding demonstrated that he did not wish to subject himself to the judgment of that particular tribunal. Where a defendant, by his deliberate and unlawful absence, flouts the authority of the court and attempts to avoid the judgment of the jury, the defendant waives many attendant rights. Indeed, even had counsel filed a notice of appeal, the appeal was subject to dismissal because the defendant was "unavailable to obey the mandate" of the court. See People v. Diaz, 7 N.Y.3d 831 (2006); People v. Mongen, 76 N.Y.2d 1015 (1990) (dismissing appeal because defendant was not available to obey the mandate of the Court of Appeals in the event of an affirmance); see also Ortega-Rodriguez v. United States, 507 U.S. 234, 239-40 (1993) (defendant's flight disentitles a defendant to call upon the resources of the appellate court to determine his claims). For all of these reasons, the defendant's trial counsel provided meaningful representation.

In sum, the defendant's trial counsel provided the defendant with meaningful representation. Therefore, the defendant's motion for a writ of error coram nobis should be denied.

5

CONCLUSION

FOR   THE   ABOVE   REASONS,   THE
DEFENDANT'S PETITION FOR A WRIT OF
ERROR CORAM NOBIS SHOULD BE DENIED.


Dated:      Brooklyn, New York
            July 31, 2008


                          Respectfully submitted,

                          CHARLES J. HYNES
                          District Attorney
                          Kings County


LEONARD JOBLOVE
JOYCE SLEVIN
Assistant District Attorneys
    of Counsel


6

UPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
--------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

**NOTICE OF MOTION**

                Respondent,

Indictment No:
269/86

     -against-

Nazmi Muslija

                Appellant,
-----------------------------------------

PLEASE TAKE NOTICE, that upon the annexed affidavit and
exhibits of Nazmi Muslija, and upon all prior proceedings had
herein, the undersigned will move this court, at the
courthouse, 45 Monroe Place, Brooklyn, New York 11201, on
June 10, 2008 at 9:30 a.m., or as soon there after as
appellant can be heard, for a writ of error coram nobis
vacating the order this court affirming his conviction,
reversing his conviction, or alternatively, granting him his
right to appeal, and such further relief as this court deems
proper.

Dated: May 20 , 2008

                          Nazmi Muslija
                          P.O. BOX 4000
                          Stormville, N.Y.

To: Clerk of the Court
    Appellate Division, Second Department
    45 Monroe Place, Brooklyn, New York 10010

    Charles J. Hynes
    Kings County, District Attorney
    45 Monroe Place
    Brooklyn, New York 10010

1

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
_____X
THE PEOPLE OF THE STATE OF NEW YORK,

                    Respondent,

-against-

Nazmi Muslija

                    Appellant,
_____X

**AFFIDAVIT**

Indictment No:
269/86

    NAZMI MUSLIJA, being duly sworn hereby states the following is true:

    1. I am the appellant in this action and submit this affidavit in support of my motion for a writ of error coram nobis granting me an appeal.

## MUSLIJA'S ERROR CORAM NOBIS PETITION

    2. Muslija contends he was deprived of the effective assistance of appellate counsel by virtue of his trial attorney's failure to file a notice of appeal.

2

## II PROCEDURAL HISTORY

1. On March 17, 1978 during an attempted robbery, off-duty Port Authority Detective, Luis Echevarria, was wounded.

2. On June 12, 1978, D.E.A. Detective Kenneth Robinson arrested Ali Ahmeti. Upon his arrest, Ahmeti asked Detective Robinson if the man who had been shot (he is referring to the same person that appellant is accused of shooting) could identify him ? .

3. On June 13, 1979, Echevarria and Clayton viewed a lineup and identified Ali Ahmeti as the shooter.

4. Ahmeti was subsequently charged under Kings County Indictment # 2066/79 with attempted murder in the second degree and attempted robbery in the first degree (of Echevarria).

5. On April 29, 1982, Ahmeti was convicted, after a jury trial, of attempted murder in the second degree and attempted robbery in the first degree (Jerome Kay, J.).

6. On May 25, 1982, Justice Jerome Kay sentenced Ali Ahmeti to a term of imprisonment of 12 ½ to 25 years, for the same crime that appellant herein is convicted and sentenced to a term of 33⅓ to Life on.

7. When Ahmeti was sentenced and convicted appellant was incarcerated in the Danbury Federal Correctional Institution, from April 5, 1982 to August 29, 1985.

8. On April 1, 1986, appellant was arrested and charged with Bahri Drishti for the same crime that Ali Ahmeti had been convicted of, however, petitioner was charged with a higher offense, Attempted Murder in the First Degree.

9. On July 1986, petitioner posted bail in the amount on $150.000.

10. A motion was filed to dismiss the indictment based on a Statute of Limitations violation, the motion was denied, in Justice Broomer's Memorandum, dating November 7, 1986, appellant was in custody at the F.C.I. in Danbury Ct. from April 5, 1982 until August 29, 1985, this period of time was not credited because appellant was out of the state of New York.

11. On September 2, 1986, Drishti moved to dismiss his indictment based on a violation of the Statute of Limitations (Drishti was continuously out of state, he is a New Jersey resident, and he was also incarcerated in a prison in Lompoc, California).

3

12. On November 20, 1986, Justice Egitto dismissed Drishti's indictment due to the fact that the evidence presented at the Grand Jury was legally insufficient, and the Statute of Limitation had expired.

13. In February 1987, appellant left the country to go to Kosovo, because his mother was sick, she subsequently passed away. Some time in March 1987, appellant called his attorney, Stanley M. Meyer, and asked him about the outcome of the case, he was told that this very case was going to be dismissed.

14. Appellant was arrested in Canada in 1989, and extradited to New York on March 24, 1999. (*Exhibit C.*)

15. On September 27, 2000, appellant was returned to New York to serve time on the conviction imposed in absentee on April 27, 1987.

16. Upon his return from Canada appellant tried to get in touch with his attorney, Stanley M. Meyer, all to no avail. (*Exhibit) F.*)

17. First, appellant was informed that counsel was disbarred then he was told that counsel had passed away at the end of 2002. (*Exhibit B.*)

18. Appellant wrote to Kings County Supreme Court Judge Loraine Miller, only to learn that she no longer is a judge in the Kings County Supreme Court.

19. On September 27, 2000, appellant was produced in the courtroom of Judge Creindler for execution of the sentence. A sentence of 33 $\frac{1}{3}$ to Life was imposed.

20. On January 31, appellant filed a motion for poor person relief, on May 2, 2001 the Appellate Division Second Department denied appellant's motion deeming it to be Academic. (*Exhibit J.*)

21. Appellant has been trying to ascertain the trial transcripts since 2001, appellant has been informed by the Kings County Supreme Court that no transcripts can be provided for this case. (*Exhibit N.*)

22. Appellant requested from the Appellate Division Second Department Court Clerk's Office a copy of the Index of documents filed in my behalf. (*Exhibit K.*)

4

23. According to the Appellate Division Second Department Court Clerk's Office, no notice of appeal was filed, or received in this matter initiating the instant motion. *(Exhibit Q.)*

Dated: May 20 ,2008
        Stormville, New York  12582


Nazmi Muslija
Pro-Se Appellant

Sworn to me this 20 day

of May 20, 2008

*Richard Ryan*
**NOTARY PUBLIC**

RICHARD RYAN
Notary Public State of New York
ID # 01RY6050106
Qualified in Dutchess County
Commission Expires 10/30/ 10

5

UPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
_____X

THE PEOPLE OF THE STATE OF NEW YORK,

                           Respondent,

              -against-

Nazmi Muslija

                         Appellant,

    **NOTICE OF MOTION**

    Indictment No:
    269/86

09 4521

SON, J.

PLEASE TAKE NOTICE, that upon the annexed affidavit and exhibits of Nazmi Muslija, and upon all prior proceedings had herein, the undersigned will move this court, at the courthouse, 45 Monroe Place, Brooklyn, New York 11201, on June 10, 2008 at 9:30 a.m., or as soon there after as appellant can be heard, for a writ of error coram nobis vacating the order this court affirming his conviction, reversing his conviction, or alternatively, granting him his right to appeal, and such further relief as this court deems proper.

Dated: May 20 , 2008

                                Nazmi Muslija
                                P.O. BOX 4000
                                Stormville, N.Y.

To: Clerk of the Court
    Appellate Division, Second Department
    45 Monroe Place, Brooklyn, New York 10010

    Charles J. Hynes
    Kings County, District Attorney
    45 Monroe Place
    Brooklyn, New York 10010

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
————————————————————————————X
THE PEOPLE OF THE STATE OF NEW YORK,

                              Respondent,

              -against-

Nazmi Muslija

                              Appellant,
————————————————————————————X

**AFFIDAVIT**

Indictment No:
269/86

        NAZMI MUSLIJA, being duly sworn hereby states the
following is true:

        1. I am the appellant in this action and submit this
affidavit in support of my motion for a writ of error coram
nobis granting me an appeal.


## MUSLIJA'S ERROR CORAM NOBIS PETITION


        2. Muslija contends he was deprived of the effective
assistance of appellate counsel by virtue of his trial
attorney's failure to file a notice of appeal.

2

## II PROCEDURAL HISTORY

1. On March 17, 1978 during an attempted robbery, off-duty Port Authority Detective, Luis Echevarria, was wounded.

2. On June 12, 1978, D.E.A. Detective Kenneth Robinson arrested Ali Ahmeti. Upon his arrest, Ahmeti asked Detective Robinson if the man who had been shot (he is referring to the same person that appellant is accused of shooting) could identify him ? .

3. On June 13, 1979, Echevarria and Clayton viewed a lineup and identified Ali Ahmeti as the shooter.

4. Ahmeti was subsequently charged under Kings County Indictment # 2066/79 with attempted murder in the second degree and attempted robbery in the first degree (of Echevarria).

5. On April 29, 1982, Ahmeti was convicted, after a jury trial, of attempted murder in the second degree and attempted robbery in the first degree (Jerome Kay, J.).

6. On May 25, 1982, Justice Jerome Kay sentenced Ali Ahmeti to a term of imprisonment of 12 $\frac{1}{2}$ to 25 years, for the same crime that appellant herein is convicted and sentenced to a term of 33$\frac{1}{3}$ to Life on.

7. When Ahmeti was sentenced and convicted appellant was incarcerated in the Danbury Federal Correctional Institution, from April 5, 1982 to August 29, 1985.

8. On April 1, 1986, appellant was arrested and charged with Bahri Drishti for the same crime that Ali Ahmeti had been convicted of, however, petitioner was charged with a higher offense, Attempted Murder in the First Degree.

9. On July 1986, petitioner posted bail in the amount on $150.000.

10. A motion was filed to dismiss the indictment based on a Statute of Limitations violation, the motion was denied, in Justice Broomer's Memorandum, dating November 7, 1986, appellant was in custody at the F.C.I. in Danbury Ct. from April 5, 1982 until August 29, 1985, this period of time was not credited because appellant was out of the state of New York.

11. On September 2, 1986, Drishti moved to dismiss his indictment based on a violation of the Statute of Limitations (Drishti was continuously out of state, he is a New Jersey resident, and he was also incarcerated in a prison in Lompoc, California).

3

12. On November 20, 1986, Justice Egitto dismissed Drishti's indictment due to the fact that the evidence presented at the Grand Jury was legally insufficient, and the Statute of Limitation had expired.

13. In February 1987, appellant left the country to go to Kosovo, because his mother was sick, she subsequently passed away. Some time in March 1987, appellant called his attorney, Stanley M. Meyer, and asked him about the outcome of the case, he was told that this very case was going to be dismissed.

14. Appellant was arrested in Canada in 1989, and extradited to New York on March 24, 1999. (*Exhibit C.*)

15. On September 27, 2000, appellant was returned to New York to serve time on the conviction imposed in absentee on April 27, 1987.

16. Upon his return from Canada appellant tried to get in touch with his attorney, Stanley M. Meyer, all to no avail. (*Exhibit*) *F.)*

17. First, appellant was informed that counsel was disbarred then he was told that counsel had passed away at the end of 2002. (*Exhibit B.*)

18. Appellant wrote to Kings County Supreme Court Judge Loraine Miller, only to learn that she no longer is a judge in the Kings County Supreme Court.

19. On September 27, 2000, appellant was produced in the courtroom of Judge Creindler for execution of the sentence. A sentence of 33 $\frac{1}{3}$ to Life was imposed.

20. On January 31, appellant filed a motion for poor person relief, on May 2, 2001 the Appellate Division Second Department denied appellant's motion deeming it to be Academic. (*Exhibit J.*)

21. Appellant has been trying to ascertain the trial transcripts since 2001, appellant has been informed by the Kings County Supreme Court that no transcripts can be provided for this case. (*Exhibit N.*)

22. Appellant requested from the Appellate Division Second Department Court Clerk's Office a copy of the Index of documents filed in my behalf. (*Exhibit K.*)

**4**

23. According to the Appellate Division Second Department Court Clerk's Office, no notice of appeal was filed, or received in this matter initiating the instant motion. *(Exhibit Q.)*

Dated: May 20, 2008
        Stormville, New York  12582


Nazmi Muslija
Pro-Se Appellant

Sworn to me this 20 day

of May 20, 2008

*Richard Ryan*
**NOTARY PUBLIC**

RICHARD RYAN
Notary Public State of New York
ID # 01RY6050106
Qualified in Dutchess County
Commission Expires 10/30/ 10

5

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

——————————————————————————X

THE PEOPLE OF THE STATE OF NEW YORK,

                     Respondent,

      -against-


NAZMI MUSLIJA,

                 Appellant,

——————————————————————————X

Kings County
Indictment
No. 269/86


### APPELLANT'S MEMORANDUM OF LAW

Nazmi Muslija
Appellant
00-A-6721
P.O. Box
Stormville, New York
12582-0010


May 20, 2008

6

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

---------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,                NEW YORK COUNTY
                                                    INDICTMENT NO.
                                  Respondent,       269/86

                    -against-


NAZMI MUSLIJA


                                  Appellant,
---------------------------------------------X


## PRELIMINARY STATEMENT

Petitioner Nazmi Muslija submits this memorandum of law in support of his motion for a writ of error <u>coram nobis.</u>


## QUESTION PRESENTED

Whether Muslija was deprived of the effective assistance of appellate counsel by virtue of his trial attorney's failure to file a notice of appeal?

7

**POINT ONE**
MUSLIJA  WAS  DEPRIVED  OF  THE
EFFECTIVE  ASSISTANCE  OF  APPELLATE
COUNSEL  BY  VIRTUE  OF  HIS
ATTORNEY'S  FAILURE  TO  FILE  A
NOTICE  OF  APPEAL.  U.S.  CONST.
AMENDS.  VI,  XIV;  N.Y.  CONST.  ART
I,§ 6.

## A. Standard of Review

1.    A single mistake by counsel, sufficiently egregious and prejudicial,   not   withstanding   adequate   representation, warrants a finding of incompetency sufficient to make out a constitutional  deprivation  of  ineffectiveness.  *Murray  v. Carrier*, 471 U.S 478, 496 (1986); Kimmelaman v. Morrison, 477 U.S. 365, 383 (1986); *People v. Hobot*, 84 N.Y. 2d 1021, 1022 (1995); *People v. Jenkins,* 68 N.Y. 2d 896,898 (1986).

2.    The New York standard requires a somewhat different test for  ineffective  assistance  of  counsel,  requiring  that  the defendant  demonstrate  he  has  been  deprived  of  "meaningful representation",  which  does  not  require  satisfaction  of  the Strickland prejudice prong. See *People v. Turner,* 5 N.Y. 3d 476 (2005): *People v. Baldi,* 54 N.Y. 2d 137 (1981); *People v. Claudio,* 83 N.Y. 2d, 79 (1983)

3.    Counsel's  constitutionally  ineffective  performance  has established "cause" for such an omission. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct 2639 (1986).  The subpar performance by  a  lawyer  is  constitutionally  ineffective  when  it  causes prejudice,  such  as  a  failure  to  file  a  notice  of  appeal, *Strickland v.Washington*,  466  U.S.  668,  687  104  S.ct  2052, (1984).

4.    Prejudice  has  indeed  been  established  in  this  instant matter warranting the submission of this instant petition. At this  time  appellant  is  unable  to  do  anything  because  he

8

speaks no English, and has absolutely no knowledge of the law. (*Exhibit H.*)

5.    For the last eight years the appellant has been trying to litigate his issues in the appellate courts, he was convicted in absentee on April 27, 1987, at this time he was informed by counsel that a notice of appeal was filed. Appellant would later learn that counsel failed to file the notice of appeal making the appellate process extremely difficult, and triggering the filing of this instant motion. (*Exhibit's, K. E. G.*)

6.    This petition was drafted by a prisoner in the facility law library who was assigned to assist the appellant in the preparation of this motion.

### U.S. Amend VI; NY Const. Art 1§6

7.    The applicable standard for review of ineffective assistance of trial counsel as stated in *People v. Stultz, 2* N.Y.3d 277. Defendants in Criminal Cases have a Federal and State Constitutional Right to effective assistance of appellate counsel.

8.    Under the federal constitution, a defendant has been deprived of effective assistance of counsel if counsel's representation falls below an "objective standard" of reasonableness and there is the reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceedings would have been different. *Strickland v. Washington 466 U.S. 668, 694 (1984).*

9

9. A winning ineffective assistance of appellate counsel claim requires a petitioner to demonstrate his appellate attorney's performance was "professionally objectively deficient" and that his performance prejudiced the defense. _Strickland v. Washington,_ 466 U.S. 668 (1984).

10. Ineffective of assistance may be found based upon an attorney's overall, deficient performance. However, ineffectiveness may also be premised upon a single error that, regardless of the balance of the representation , is sufficiently egregious and prejudicial to compromise the defendant's right to a fair trial. _See Murray v. Carrier,_ 477 U.S. 478, 496 (1986) (citing _United States v. Cronic,_ 466 U.S. 648, 657 no. 20 (1984)); _People v. Caban,_ 5 N.Y. 3d 143, 152 (2005) (citing _People v. Hobot,_ 84 N.Y. 2d 1021,1022 (1995)), and _People v. Flores,_ 84 N.Y. 2d 184, 188 (1994)).

11. A "single" mistake by counsel, sufficiently egregious and prejudicial not withstanding adequate performance throughout the balance of the representation warrants a finding of incompetency sufficient to make out a constitutional depravation of ineffectiveness. _Murray v. Carrier, 471 U.S. 478, 496 (1986). Kimmelman v. Morrison 477 U.S. 365, 383 (1986), People v. Hobot, 84 N.Y. 2d 1020, 1021 (1995), People v. Jenkins 68 N.Y. 2d 896, 898 (1986)._

12. The New York Constitution requires a somewhat different test for ineffective assistance of counsel requiring that the defendant demonstrate that he has been deprived of "meaningful representation", which does not require satisfaction of the Strickland prejudice prong, _See: People v. Turner, supra, People v. Baldi 54 N.Y. 2d 137 (1981) People v. Claudio, 83 N.Y. 2d 76, 79 (1983)_

13. The Sixth Amendment provides that "In all criminal prosecution the accused shall enjoy the right.... to have the assistance of counsel for his defense. "U.S. Const. Amend.VI".

14. The principal contention here made by appellant is that he was improperly denied his right to appeal by his trial attorney's (Mr. Stanley Meyer) failure to file a notice of appeal.

15. Upon learning that trial counsel failed to file a notice of appeal, appellant undertook what turned out to be a Herculean task, as he endeavored to obtain a copy of the minutes of his trial, only to learn that they could not be "found". Appellant has annexed for the court, documents illustrating his inquires in regards to obtaining the minutes, and pursuing his right to appeal. *(Exhibit's, Q,F, G,M,N,L,)*

16. In *People v. Adams, 12 N.Y. 2d 417,* the defendant alleged that his appeal had been dismissed without his knowledge. The court of appeals stated: "Obviously, if defendant's sworn petition speaks truthfully, his right to appeal has been **** effectively frustrated".

17. Muslija's exhibits, as well as his affidavit raises the issue that he might not have had knowledge of his right until it was virtually to late for him, acting alone, to save his appeal. *(Exhibit's, C,G,E,F,J,)*

11

18.    This places Muslija, in the ambit of the principal enunciated in *People v. Adams, (supra)*. Accordingly, the appellant is, at least, entitled to a hearing on these factual questions, See; *Restrepo v. Kelly, 178 F.3d 634, 640 (2nd Cir.1999)* (if the defendant told his lawyer to appeal from the conviction, " 'and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but any assistance of counsel on appeal.

19.    Abandonment is a per-se violation of the Sixth Amendment,'") (quoting *Castellanos v. United States, 26 F.3d 717, 718.* Muslija, need not demonstrate the likelihood of success on appeal before obtaining relief.

20.    [W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would have merit. "(Those whose right to appeal has been frustrated should not be given any additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings."); *McHale v. United States, 175 F.3d 115, 119 (2nd Cir.1999)* (petitioner need not demonstrate that, but for the ineffectiveness of counsel, [a direct] appeal would have succeeded or even would have merit.

21. As illustrated (supra) there are a long line of cases that support appellant's position that a de novo appeal is warranted in the matter herein. It is well settled that due process requires that defendants have effective assistance of counsel on appeals as of right, *Evits v. Lucey, 469 U.S. 387, 105 S.ct 830,* furthermore, an appeal from a criminal conviction is a matter of right.

12

22. The appellant herein asserts that his trial attorney Stanley Meyer, rendered constitutionally ineffective assistance, in support of the stated assertions appellant relies on the diligence exercised in attempting to restore his right to a direct appeal, after this right was clearly ignored by counselor. The documents attached will undoubtedly illustrate that Mr. Meyers, performance was objectively unreasonable, and that his deficiency prejudiced Muslija. *(Exhibit's G,E,)*

23. The supreme court has held that the standard first articulated in *Strickland v. Washington, 466 U.S. 668, 104 S.ct 2052,* applies when a defendant alleges that his counsel was ineffective for failing to file a notice of appeal.

24. The first prong of *Strickland,* is satisfied by trial counsel's "disregard of a specific request by appellant to file a notice of appeal," there is absolutely no objective reasonable ground for counsel's failure to comply with Muslija's request. *See; Flore v. Ortega, 528 U.S. at 477, 120 S.ct 1029,* [W]hen counsel fails to file a requested appeal, a defendant is entitled to a [ a new ] appeal.

25. A defendant who fails to file a timely notice of appeal because of his reasonable reliance on his assigned counsel to do so is entitled to relief by way of coram nobis.

13

26. The avenue established for determining the validity of a dismissal of an appeal from a criminal conviction lies within the ambit of *coram nobis*, the expanded use of the coram nobis was established in *People v. Adams (supra)* in 1963, in the New York State Court of Appeals. The court in it's decision stated: *we make it clear that defendant's right and remedy is by a coram nobis petition to the Supreme Court for a hearing as to the truth to his assertions, if he proves them, he will be entitled to a reinstatement of his appeal to the Appellate Division from the judgment of conviction.*

27. This proposition is relied on by the appellant for the sole purpose of supporting his position that counsel's failure to file a notice of appeal violated appellant's right to effective representation.

28. The petitioner in this matter is confronted with a very precarious situation, in 1987 appellant was convicted in absentia, in 2000 the sentence of 33 $\frac{1}{3}$ to Life was executed and appellant was committed to the New York State Department of Corrections. *(Exhibit's, A,D,)*

29. During the period of 2000 to 2002 appellant maintained contact with (Mr. Stanley Meyer) trial counsel who assured him that he filed a notice of appeal regarding Muslija's conviction, and was in fact adamant about the pursuit of an appeal, however, appellant later learned that counsel was untruthful and deficient. *(Exhibit's, G,E,)*

30. In 2003, appellant made numerous attempts to contact Mr. Meyer only to learn via the Board of Elections that counsel was deceased. This information triggered the pursuit of a search for all documents relevant to the instant matter, in late 2005, as a result of this quest, appellant ascertained (500) pages of various documents from the Kings County Clerk's Office. *(Exhibit K)*

14

31. At this point appellant endeavored to obtain legal assistance from various law schools all to no avail. It should be noted that appellant speaks very little English, and has a fifth grade education which is documented with D.O.C.S. . . *(Exhibit's M,H,)*

32. The Supreme court has noted that a defendant who has a limited education, and lacks facility in the English language might have great difficulty in making even a summary statement of points to be raised on appeal. Moreover, they may not even be aware of errors which occurred at trial, a defendant would thus be deprived of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one. *See; Rodriguez v. United States, 89 S.ct 1715,* who is an immigrant from the former Yugoslavia.

33. In 2007, appellant with the assistance of a inmate in the facility whom speaks his language, filed a motion to proceed on appeal via poor person, along with a late notice of appeal, this all based upon appellant's learning that Mr. Meyer's was deceased.

34. This resulted in a response from the Appellate Division Second Department, which stated that appellants appeal was dismissed, and deemed academic. *(Exhibit. J)*

35. As a follow up to this information, appellant with the assistance of a inmate law clerk, wrote to the Appellate Division Second Department's Clerk Mr. Thomas Pelzer, who subsequently informed appellant that no notice of appeal was ever filed. *See; attached documents supporting the above stated contentions. (Exhibit's P,A,)*

15

36.    The appellate division has the flexibility, should the need arise, to refer factual disputes for hearings to the nisi prius court or perhaps to judicial hearings.    This instant matter warrants such relief, as a hearing, or in the alternative a de-novo appeal.

37. It has long been recognized that a motion for a writ of error coram nobis lies where it is asserted that counsel failed to prosecute an appeal, (See: *People v. De Renezzio, 14 N.Y.2d 732, 250 N.Y.S.2d 77). People ex rel. Sedlak v. Foster, 299 N.Y. 291 [Coram Nobis to be used to address deprivation of counsel],[Coram Nobis will lie as remedy for deprivation of right to counsel].*

38. A additional form of relief available to the appellant regarding the instant matter is that of which was afforded to the appellant in *People v. Rivera, 39 N.Y 519,* here the court of appeals affirmed the decision of the Supreme Court, Appellate Division, Second Department, 47 A.D. 2d 864, which reversed the conviction.  On appeal by the prosecution, the court held that Rivera had in fact never been advised of his right to appeal, he was subsequently resentenced nunc pro tunc so as to commence the running of his time to appeal.

39.    Defense    counsel's    constitutionally    ineffective performance may establish cause for failure to take an appeal, as needed to proceed with litigation.    Remedy for ineffective    assistance    of    counsel    received    by    state petitioner when defense counsel fails to make requested direct appeal, resulting in per se violation of petitioner's Sixth Amendment right, is to provide petitioner with right to appellate proceeding, as if on direct appeal, with assistance of counsel.

16

Mr.Nazmi Muslija
00-A-6721
Green Haven Corr.Fac.
P.O. Box 4000
Stormville, New York

September 25, 2009

Pro-Se Office                                    **09** 4521
United States District Court
Eastern District of New York
225 Cadman Plaza
New York, New York 11201

                                                 GLEESON, J.

RE: <u>Filing of Petition Pursuant USC §2254.</u>

Dear Sir/Madam,

Please find enclosed the original petition to be filed with
the court along with two copies pursuant to the rules of this
court.

     The petitioner in this instant matter was denied his
right to appeal as a result of trial counsels failure to file
a notice of appeal despite his claims that he had done so.
Petitioner made multiple attempts to ascertain an appeal,
however, he was denied every step of the way, it should also
be noted that no trial transcripts can be provided regarding
this matter further denying the petitioner any opportunity to
effectively pursue an appeal.

     The only issue raised in this instant petition is
concerning trial counsel failure to file a notice of appeal
on petitioner's behalf when he was sentenced in absentia.
This matter was exhausted in the State court via a Writ of
Error Coram Nobis, the only viable avenue to do so.

     In conclusion, I thank you for your time and
consideration and should you need any additional information
please inform me of such.

                                        _Nazmi Muslija Pro/Se_